UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROLEX WATCH U.S.A., INC.,   Case No. 1:11-cv-23986-PAS

    Plaintiff,

v.

RAUL LIZASO-RODRIGUEZ;
UNKNOWN WEBSITES 1-10; "JOHN
DOES" 1-10; and UNKNOWN
ENTITIES 1-10

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT AND INJUNCTION BY DEFAULT

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of Final Default Judgment [DE-14]. Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex"), moves for final default judgment against Raul Lizaso-Rodriguez ("Defendant")[1] for alleged violations of the Lanham Act, codified at 15 U.S.C. §§ 1114.[2] As Defendant has failed to plead or otherwise defend this action, and given the documentary evidence submitted in support of its motion, the Court shall grant Plaintiff's Motion for Final Judgment and Injunction by Default.

### I.   Factual and Procedural Background

Rolex is a corporation duly organized under the laws of the State of New York, having an office and principal place of business located at 665 Fifth Avenue, New York, New York 10022. (Declaration of Charles Berthiaume In Support of Plaintiff's Motion for a Default Judgment Against Defendant ("Berthiaume Dec.") at ¶ 2). Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's Registered

---

[1] The other Defendants, Unknown Websites 1-10, John Does 1-10, and Unknown Entities 1-10, have been dismissed. *See* DE-16.

[2] Rolex does not request damages for Defendant's violation of the remaining causes of action as asserted in the Complaint.

Trademarks, described below. Id. at ¶3. Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |

(hereinafter collectively referred to as the "Rolex Registered Trademarks"). Id. at ¶ 6. Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks. Id. at ¶ 12.

Defendant was sued as a result of his offer for sale and sale of products bearing infringements of Rolex's federally registered trademarks. (Declaration of Walter-Michael Lee in Support of Plaintiff's Motion For a Default Judgment Against Defendant ("Lee Dec.") at ¶ 2).

On or about June 25, 2011, Rolex's investigator discovered classified advertisements on the website www.craigslist.org advertising for sale watches bearing counterfeits and infringements of the Rolex Registered Trademarks. These watches were listed for sale for $130, far below the regular retail price of Rolex watches. Berthiaume Dec. at ¶ 13. Rolex's investigator made contact with the Defendant and arranged a time and place to meet him so that

2

he could purchase a watch. Further, Rolex's investigator arranged for members of the Miami-Dade Police Department ("MDPD") to be present at that meeting. Id. at ¶ 14.

On June 30, 2011, Rolex's investigator and MDPD met with Defendant and during this conversation Defendant had in his possession and offered for sale eight (8) watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Defendant stated that these items were "high quality replicas." Id. at ¶15. At this time, members of the MDPD arrested Defendant. Id. at ¶16.

Defendant stated that he purchased the watches from www.dhgate.com for $30 each for resale and that he was selling to different customers. Rolex's investigator was able to identify these watches as bearing counterfeits and infringements of the Rolex Registered Trademarks and that such watches were not authorized reproductions. Id. In connection with this distribution of watches bearing counterfeits and infringements of the Rolex Registered Trademarks, Defendant was charged with the following violation: forging or counterfeiting private labels, Florida Statute § 831.032(3)(A)(1). Id. at ¶17. Subsequently, Defendant pleaded guilty to the charges asserted against him. Id. at ¶ 18.

On November 4, 2011, Plaintiff filed its Complaint against Defendant for federal trademark counterfeiting, infringement, and dilution. [DE-1]. On December 7, 2011, Defendant was served with the Summons and Complaint [DE-7].

On January 31, 2012, the Clerk of Courts, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, entered a default against Defendant for failure to appear, plead, or otherwise defend this action. [DE-9]. On February 7, 2011, this Court ordered that Plaintiff file the instant motion for entry of final judgment and permanent injunction by default. [DE-11].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against a properly served defendant, who, like Defendant here, failed to file a timely responsive pleading. By such a default, all of Rolex's well-pled allegations in the First Amended Complaint are deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Petmed Express, Inc. v. Medpots.com*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004). If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages. Where all the essential evidence is on record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Petmed Express*, 336 F. Supp.2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing). In this case, a hearing on damages is unnecessary as Plaintiff seeks statutory damages and has submitted detailed declarations with accompanying documentary evidence in support of its damages request.

## III.    Liability For Trademark Infringement

The allegations in Rolex's Complaint, in conjunction with record evidence, support a finding of liability against Defendant for trademark infringement. "[T]o prevail on a trademark infringement claim a plaintiff must demonstrate that (1) its mark has priority; (2) defendant used its mark in commerce [without consent]; and (3) defendant's mark is likely to cause consumer confusion." *Petmed Express*, 336 F.Supp.2d at 1217-18 (citing *Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1243 (11th Cir. 2002) and *Frehling Enter., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330 (11th Cir. 1999)). Rolex has established each of these

4

elements because Plaintiff's ownership and registration of the trademarks at issue precede Defendants' infringing conduct (Compl. ¶¶ 15 and 22; Berthiaume Dec. ¶¶ 13-18), Defendant advertised, offered for sale and/or sold goods bearing the Rolex Registered Trademarks without Rolex's consent (Compl. ¶¶ 23-26; Berthiaume Dec. ¶¶ 13-16, 21), and the marks used on the goods Defendant advertised, offered for sale and/or sold are counterfeits and infringements of the Rolex Registered Trademarks and therefore consumer confusion is likely (Berthiaume Dec. ¶15-16).

## IV. INJUNCTIVE RELIEF

Rolex is entitled to the requested injunctive relief pursuant to 15 U.S.C. § 1116. A plaintiff seeking a permanent injunction must demonstrate that (1) it has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardship between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Here, the well-pled allegations and record evidence demonstrate that Rolex has developed goodwill among the consuming public which would be undermined if Defendant is not prohibited from further infringement. Defendants' counterfeit products will create irreparable harm and confusion, particularly because the counterfeit products bear identical markings as real Rolex merchandise, and are not manufactured to Rolex's quality standards. Furthermore, Defendants willfully infringed the Rolex Registered Trademarks. Such willful conduct demonstrates a likelihood that Defendant will continue to harm Rolex's trademarks if the Court declines to issue an injunction. *Petmed Express*, 336 F.Supp. 2d 1222-23 (entering permanent

injunction under 15 U.S.C. § 1116 to prevent further infringement of federally-protected trademarks).

## V. DAMAGES

### A. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 and not more than $200,000.00 per counterfeit mark per type of good. In addition, if the Court finds that Defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). A statutory damage award is appropriate in a case where the defendant has defaulted. *See Petmed Express*, 336 F.Supp 2d at 1219-22. Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the First Amended Complaint.

The Court has wide discretion to set an amount of statutory damages. *Id.* at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (concluding that the court's discretion in setting the amount of copyright damages is "wide, constrained only by the specified maxima and minima")). Congress enacted a statutory damages remedy in trademark counterfeiting cases, because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages.). This case is no exception. Since Defendant has refused to participate in this litigation, Plaintiff has been deprived of the ability to obtain discovery from him.

In this case, Plaintiff is entitled to a statutory award of **$50,000.00** per Rolex Registered Trademark counterfeited per type of goods sold (total of seven (7) trademarks) based on Defendant's intentional and willful infringement of Plaintiff's Trademarks, as demonstrated by Defendant's statement that the watches were "high quality replicas." Thus the Court shall award **$350,000.00** in statutory damages pursuant to 15 U.S.C. § 1117.[3]

## VI. Costs

The Lanham Act authorizes the award of costs, including reasonable attorney's fees. Plaintiff requests costs totaling **$6,001.50** resulting from costs, fees and attorney's fees. See Lee. Dec. ¶¶4-15, Exh. 1. The Court shall award **$6,001.50** in costs, finding this to be a reasonable amount.

## VII. Conclusion

For the reasons stated above, it is hereby

ORDERED THAT:

1. Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction [DE-14] is GRANTED.

2. Final Default Judgment in favor of Plaintiff Rolex Watch U.S.A., Inc shall be ENTERED against Defendant Raul Lizaso-Rodriguez, with a separate Final Judgment to be issued concurrently with this Order.

3. All pending motions not otherwise ruled upon are DENIED as moot.

---

[3] In determining the appropriate damages award, the Court also considered the demonstrated willfulness of Defendants' infringement.

7

4. This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 9th day of April, 2012.

*Patricia␣A.␣Seitz* (signature)
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record